USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LOBAITO, JR,

                Plaintiff,

      - against -

CHASE BANK,

                Defendant.

**MEMORANDUM
OPINION & ORDER**

11 Civ. 6883 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se plaintiff Joseph Lobaito, Jr. brings this action against defendant Chase

Investment Services Corp.[1] ("Chase"). Plaintiff alleges that he was wrongfully terminated from

Chase and that an arbitration decision rejecting his claims of breach of contract, libel and

slander, and wrongful termination was the product of fraud and conspiracy. (Cmplt.)

        Chase has moved to dismiss on res judicata grounds, arguing that Lobaito seeks to

litigate here the same issues he presented to a Financial Industry Regulatory Authority

("FINRA") arbitration panel. In the alternative, Chase argues that this Court lacks subject matter

jurisdiction, because the Complaint does not present a federal question and should not be treated

as a motion to vacate the arbitration award. For the reasons set forth below, Chase's motion to

dismiss will be GRANTED.

## BACKGROUND

        Lobaito alleges that on November 8, 2007, he received a telephone call from a

supervisor at Chase advising him that his employment had been terminated. (Cmplt. at III(C))

Lobaito claims that he was terminated "for no reason." (Id.) He further contends that after his

---

[1] Defendant Chase Investment Service Corp. is improperly named in the Complaint as "Chase Bank." (Def. Br. 1)

termination Chase "wrote an untrue comment on [his] licenses," which has resulted in Lobaito being "blocked from working in the financial industry, ever again." (Id.)

Lobaito has attached to the Complaint a copy of the decision issued by the FINRA arbitration panel (the "Award").[2] According to the Award, Lobaito raised the following claims in the arbitration proceeding: "breach of contract, commissions, compensation, libel or slander on Form U5[3], and wrongful termination." (Cmplt. at Award) The FINRA panel, "[a]fter considering the pleadings, the testimony and evidence presented at the hearing . . . decided in full and final resolution of the issues submitted for determination as follows: 1. Claimant's claims are denied in their entirety. 2. Any and all relief not specifically addressed herein, including punitive damages, is denied." (Id.) A cover letter attached to the Complaint indicates that the arbitrators' decision was faxed to Lobaito on May 2, 2012. (See May 2, 2011 Curry Ltr. to Lobaito, attached as exhibit to Cmplt.)

The Complaint asserts that the arbitration decision was obtained by fraud and conspiracy, that the arbitrators "did not write an explanation for their decision, and [that] at the last minute at the hearing [the arbitrators] went from 3 to 2 arbitrators." (Cmplt. at II(B)) The Complaint seeks $1 million in damages. (Id. at V)

---

[2] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cnty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999))
[3] Form U5 is the "Uniform Termination Notice for Securities Industry Registration." This document sets forth, inter alia, the date of, and reason for, an employee's termination. Because the Complaint refers to Chase's allegedly false statements on the Form U5, the Court will consider the Form U5 in ruling on Chase's motion to dismiss. See DiFolco, 622 F.3d at 111; Supinski v. Merrill Lynch & Co., Inc., No. 00 CV 7363(FB)(SMG), 2001 WL 930779, at *2 n.4 (E.D.N.Y. Aug. 13, 2001) ("While not attached to the complaint, Supinski refers to the content of the U-5 therein and Merrill Lynch has submitted a copy to the Court. Because '[o]n a motion to dismiss, the court may consider . . . any statements or documents incorporated in [the complaint] by reference,' the Court considers the U-5.") (citation omitted).

2

The Complaint was filed with the <u>Pro Se</u> Office on September 26, 2011.  (Dkt.

No. 2)

## DISCUSSION

I.  **TO THE EXTENT THAT PLAINTIFF SEEKS TO RE-LITIGATE CLAIMS PRESENTED TO THE ARBITRATORS, THOSE CLAIMS ARE BARRED BY RES JUDICATA**

### A.  <u>Standard for Rule 12(b)(6) Motion to Dismiss</u>

Chase has moved to dismiss the Complaint for failure to state a claim under Fed.

R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v.

Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

"In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the

complaint," <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007) (citing

<u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87 (2d Cir. 2002)),

and must "draw all reasonable inferences in favor of the plaintiff."  <u>Id.</u> (citing <u>Fernandez v.

Chertoff</u>, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of

'further factual enhancement,'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557), and

does not provide factual allegations sufficient "to give the defendant fair notice of what the claim

is and the grounds upon which it rests." <u>Port Dock & Stone Corp. v. Oldcastle Ne., Inc.</u>, 507

F.3d 117, 121 (2d Cir. 2007) (citing <u>Twombly</u>, 550 U.S. at 555).

As noted above, a district court ruling on a Rule 12(b)(6) motion to dismiss "may

consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and

documents incorporated by reference in the complaint." <u>DiFolco</u>, 622 F.3d at 111 (citations

omitted).  Moreover, "[w]here a document is not incorporated by reference, the court may

never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby

rendering the document 'integral' to the complaint."  Id. (quoting Mangiafico v. Blumenthal, 471

F.3d 391, 398 (2d Cir. 2006)).

      Because Lobaito is proceeding pro se, this Court is required to read his complaint

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be

liberally construed.'") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Accordingly, this

Court will construe Lobaito's complaint "'to raise the strongest arguments that [it] suggest[s].'"

Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83

(2d Cir. 2001)).  "Moreover, [factual] allegations made in a pro se [opposition memorandum],

where they are consistent with those in the complaint, may also be considered on a motion to

dismiss."  Braxton v. Nichols, No. 08 Civ. 08568(PGG), 2010 WL 1010001, at *1 (S.D.N.Y.

Mar. 18, 2010) (citing Coakley v. 42nd Pct. Case 458, No. 08 Civ. 6206(JSR), 2009 WL

3095529, at *3 (S.D.N.Y. Sept. 28, 2009); Donahue v. U.S. Dep't of Justice, 751 F. Supp. 45, 49

(S.D.N.Y. 1990), abrogated on other grounds by Sosa v. Alvarez-Machain, 542 U.S. 692 (2004);

Oliver v. Haddock, No. 08 Civ. 4608(DAB)(GWG), 2009 WL 4281446, at *2 (S.D.N.Y. Dec. 1,

2009); Burgess v. Goord, No. 98 Civ.2077(SAS), 1999 WL 33458, at *1 n. 1 (S.D.N.Y. Jan.26,

1999)).  However, "the court need not accept as true 'conclusions of law or unwarranted

deductions of fact.'"  Whitfield v. O'Connell, No. 09 Civ. 1925(WHP), 2010 WL 1010060, at *4

(S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763,

771 (2d Cir. 1994)).

**B.**     **Res Judicata**

"'[T]he doctrine of res judicata, or claim preclusion, provides that [a] final
judgment on the merits of an action precludes the parties . . . from relitigating issues that were or
could have been raised in that action.'" Joseph v. Athanasopoulos, 648 F.3d 58, 59 n.1 (2d Cir.
2011) (quoting Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir.
2010)) (alterations in original). "[R]es judicata . . . applies in 'later litigation if [an] earlier
decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a
case involving the same parties or their privies, and (4) involving the same cause of action.'" In
re Adelphia Recovery Trust, 634 F.3d 678, 694 (2d Cir. 2011) (quoting EDP Med. Computer
Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (quoting In re Teltronics Servs.,
Inc., 762 F.2d 185, 190 (2d Cir. 1985))) (alterations in original).  "Two claims are considered to
be the same cause of action if they each arise from a common nucleus of operative fact."
Maysonet v. Citi Group, Inc., No. 10 Civ. 4616(SAS), 2011 WL 476610, at *3 (S.D.N.Y. Feb. 9,
2011) (citing Jordan v. Metro. Life Ins. Co., No. 03 Civ. 4110, 2004 WL 1752822, at *3
(S.D.N.Y. Aug. 4, 2004)).

"[T]he principle of res judicata applies equally when the prior adjudication is an
arbitration, to which a plaintiff voluntarily submitted similar claims." Id. (citing Jordan, 2004
WL 1752822, at *3-4); see also Pike v. Freeman, 266 F.3d 78, 90 (2d Cir. 2001) ("It is well
settled that [the] doctrine [of res judicata] serves to bar certain claims in federal court based on
the binding effect of past determinations in arbitral proceedings.") (citations omitted).

"Res judicata challenges may properly be raised via a motion to dismiss for
failure to state a claim under Rule 12(b)(6)." Thompson v. Cnty. of Franklin, 15 F.3d 245, 253
(2d Cir. 1994) (citations omitted); see also Quiroz v. U.S. Bank Nat. Ass'n, No. 10-CV-

2485(KAM)(JMA), 2011 WL 2471733, at *3 (E.D.N.Y. May 16, 2011) ("Motions to dismiss

invoking res judicata are properly brought under Rule 12(b)(6).") (citation omitted).

### C.   Analysis

      Chase argues that Lobaito's "Complaint should be dismissed because he already

litigated his claims against Chase in the FINRA Arbitration – as he was required to do pursuant

to his signed Form U4."[4]  (Def. Br. 6)  Chase argues that

> all of the elements for dismissal on the grounds of res judicata are met.  First,
> there has been a previous action in which there was a final judgment on the merits
> – the FINRA Arbitration. . . .  Second, it is undisputed that the FINRA Arbitration
> involved the same parties as this proceeding.  Finally, it is clear that the same
> exact legal issues that Plaintiff raises in his Complaint – issues arising out of his
> termination – were previously raised in the FINRA Arbitration.

(Id. at 8)

      Lobaito does not address Chase's res judicata argument in his opposition papers.[5]

Instead, he argues that Chase is engaged in a "conspiracy[ ] and a fraud" and that it "speaks lies

and poison."  (Pltf. Opp. at 1-2)  He requests the opportunity to "have a witness from [Chase]

give [the Court] the truth, and reveal the conspiracy, and fraud, and dishonesty, and deception of

[Chase]."  (Id. at 2, 4)  As in the Complaint, Lobaito claims in his opposition that Chase

"conspired [against him], fired [him] without cause, lied on [his] licenses, and broke the law."

(Id. at 4)

      As an initial matter, it is clear that the FINRA arbitration panel's decision

constitutes a final judgment on the merits.  The Award states that "the Panel has decided in full

and final resolution of the issues submitted for determination" that Lobaito's "claims are denied

---

[4]  Form U4 is the Uniform Application for Securities Industry Registration or Transfer.  (Jan. 19,
2012 Lamparello Aff., Ex. B)

[5]  Although not captioned as such, the Court deems Lobaito's January 24, 2012 letter to the
Court (Dkt. No. 29) to be his opposition to Chase's January 19, 2012 motion to dismiss.  (Dkt.
No. 14)

in their entirety." (Cmplt. at Award); see Jordan, 2004 WL 1752822, at *4 ("[A]fter the Award

described the issues submitted for consideration, it stated that '[a]fter considering the pleadings,

and the testimony and evidence presented at the hearing, the Panel has decided in full and final

resolution of the issues submitted for determination [ ].' This language supports the conclusion

that the Panel rejected [plaintiff's] claim on the merits. . . . I conclude that the Panel's Award

constitutes a final judgment on the merits for res judicata purposes.").

   It is likewise clear that the FINRA arbitration panel is a "court of competent

jurisdiction" for res judicata purposes, see Jordan, 2004 WL 1752822, at *4 ("It is well-settled

law that an NASD arbitration panel is a court of competent jurisdiction for res judicata

purposes."), and that the parties in the FINRA arbitration are the same parties here. (See Cmplt.

at Award)

   Finally, the Court must determine whether the instant case and the FINRA

arbitration "involve[] the same cause of action." Adelphia Recovery Trust, 634 F.3d at 694.

Lobaito's FINRA statement of claim alleges, inter alia, that Chase "caused great harm to [his]

good name and reputation in the financial industry when they wrote a false remark on [his] Form

U-5. Chase . . . wrote . . . that [he] was terminated due to 'Job Performance' . . . as a cover up.

There was no reason to terminate [him] and as a result of their cover ups and lies, they ruined

[his] career in the financial industry." (Jan. 19, 2011 Lamparello Aff., Ex. D)[6] The Award

indicates that Lobaito asserted the following causes of action before the arbitration panel:

"breach of contract, commissions, compensation, libel or slander on Form U5, and wrongful

termination." (Cmplt. at Award)

---

[6] The Court may properly consider Lobaito's FINRA statement of claim because the claims
Lobaito made in the arbitration proceeding are "integral" to his claim in the Complaint that the
arbitrators' decision was the product of fraud and conspiracy. DiFolco, 622 F.3d at 111.

The Complaint recycles these allegations: Lobaito claims that he was "terminated[ ] for no reason," that Chase "wrote an untrue comment on [his] licenses, and lied, and made up a whole story about [him]," which "ruin[ed] [his] future in the financial industry." (Cmplt. at III(C))  Lobaito's claims must be considered as presenting the same causes of action, because they "arise from a common nucleus of operative fact."  Maysonet, 2011 WL 476610, at *3 (citing Jordan, 2004 WL 1752822, at *3-4 (holding that res judicata bars a plaintiff who brought state law claims to arbitration from bringing subsequent Title VII claim in federal court where all claims arose from the same nucleus of operative fact)).

The Complaint must be dismissed to the extent that Lobaito seeks to re-litigate the causes of action set forth in his FINRA statement of claim.

## II.    TO THE EXTENT THE COMPLAINT IS CONSTRUED AS A MOTION TO VACATE THE ARBITRATION AWARD, IT IS TIME-BARRED

Notwithstanding Chase's arguments to the contrary (see Def. Br. 11), the Court has also considered whether the Complaint should be construed as a motion to vacate the Award.[7]

In his opposition, Lobaito argues, inter alia, that "FINRA is a fraud. . . . [Chase] is breaking laws and regulations left and right and there[ are] no penalties towards Chase . . . from FINRA." (Pltf. Opp. at 5)  Lobaito also complains that he did not "get the bank records that [he] asked for during the discovery process [and that] FINRA never enforced any penalties towards Chase . . . for not producing those documents."  (Id.)  Lobaito also asserts that he "was forced to agree to only having 2 arbitrators as opposed to 3 at the last minute."  (Id. at 9)  Finally, Lobaito

---

[7]  Chase argues that "the Court should not consider Lobaito's Complaint as a motion to vacate the FINRA Arbitration Award simply because he does not argue that the FINRA Arbitration should be vacated."  (Def. Br. 11)

broadly complains that he "didn't have a fair hearing" and asserts that he "never agreed to [forgo] a written explanation for the arbitrators['] decision."  (Id. at 10)

These assertions are consistent with the Complaint, which alleges that the arbitrators' decision was the product of fraud and conspiracy, that "the arbitrators did not write an explanation for their decision, and [that] at the last minute at the hearing they went from 3 to 2 arbitrators."  (Cmplt. at II(B))  Given Plaintiff's pro se status, the Court will construe the Complaint as a motion to vacate the FINRA arbitration award pursuant to 9 U.S.C. § 10.  See Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (A court should "construe a pro se complaint 'to raise the strongest arguments [it] suggest[s].'") (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); Clinton v. Oppenheimer & Co., Inc., 824 F. Supp. 2d 476, 481 (S.D.N.Y. 2011) ("[A]s a general matter, we must take care to construe a pro se litigant's papers liberally, in deference to her pro se status.") (citing Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988); Salahuddin v. Coughlin, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)).[8]

Even construing the Complaint as a motion to vacate the arbitration award, however, Lobaito is entitled to no relief, because any such motion would be time-barred.  The Federal Arbitration Act ("FAA") provides that a "[n]otice of motion to vacate, modify, or correct

---

[8] Although "[a] party seeking vacatur [of an arbitration award] must proceed by motion to the court," rather than by filing a complaint, Kruse v. Sands Brothers & Co., Ltd., 226 F. Supp. 2d 484, 485-86 (S.D.N.Y. 2002) (citing 9 U.S.C. § 6), the Court will excuse this procedural deficiency.  See Blue Circle Atl. Inc. v. Independent Workers of N. Am., Local 429, No. 90-CV-410, 1990 WL 120948, at *2 (N.D.N.Y. Aug. 16, 1990) ("In this case, we will treat the Defendant's motion to dismiss the Plaintiff's complaint as a motion to confirm Arbitrator Garrett's award, and the Plaintiff's opposition as a motion to vacate said award.").

an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.[9]

Here, the Award was faxed to Lobaito on May 2, 2011 (see May 2, 2011 Curry Ltr. to Lobaito, attached as exhibit to Cmplt.), but the Complaint was not filed until September 26, 2011, and was not mailed to Chase until December 2, 2011 – seven months after the Award was sent to Plaintiff. (Dkt. No. 2; Dkt. No. 21)

Even in pro se cases, "[t]here is no exception to [the] requirement [that a motion to vacate be served within 90 days of the date the award was filed or delivered] and failure to comply with this requirement waives the right to seek vacatur." Funcia v. NYSE Group, No. 07 Civ. 1745(RWS), 2007 WL 4276897, at *3 (S.D.N.Y. Dec. 3, 2007) (dismissing pro se plaintiff's motion to vacate arbitration award as untimely) (citing Kruse v. Sands Brothers & Co., Ltd., 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("The Second Circuit has made clear that there is no exception to this three month limitation period.") (citing Florasynth v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984))); Santos v. Gen. Elec. Co., No. 10 Civ. 6948(JSR)(MHD), 2011 WL 5563544, at *7 (S.D.N.Y. Sept. 28, 2011) ("[P]laintiff's pro se status does not excuse her non-compliance with statutory deadlines. We also note that the cited FAA provision does not explicitly require service of process, but rather 'notice' of the vacatur application. Hence, even if a pro se litigant confronts obstacles to the prompt service of her pleading following its submission to the Pro Se Clerk because she must wait until that Clerk processes her complaint, that would not excuse her non-compliance with the notice requirement."))); see also Ne. Sec., Inv. v. Quest Capital Strategies, Inc., No. 03 Civ. 2056(RWS), 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003) ("The period provided for [in 9 U.S.C. § 12] is a statute of limitations

---

[9] CPLR § 7511(a) also provides that "[a]n application to vacate or modify an [arbitration] award may be made by a party within ninety days after [its] delivery to him." CPLR § 7511(a).

10

and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification."). Accordingly, even if construed as a motion to vacate, the Complaint is untimely and must be dismissed.[10]

## III.   CHASE'S MOTION TO DISMISS IS TIMELY

In his opposition, Lobaito appears to argue that Chase's motion to dismiss is untimely. (Pltf. Opp. Br. 10)  This argument has no merit.  Whether the Court looks to the time period provided in Fed. R. Civ. P. 4(d), or that provided in CPLR § 312-a, the motion is timely.

Several courts have assumed – without deciding – that the time period prescribed in CPLR § 312-a governs a motion to vacate an arbitration award.  See Manson v. Simply Food LIC LLC, No. CV 2009-4796(CBA)(MDG), 2010 WL 376644, at *2 (E.D.N.Y. Jan. 26, 2010) ("This Court is not aware of any cases discussing whether the shorter time period under state law for service by mail should prevail over the waiver provisions in Rule 4(d), though some courts have assumed without deciding that the time period prescribed by section 312-a applies.") (collecting cases). The U.S. Marshals Service's "Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint" form (the "Acknowledgment

---

[10]  There is no basis to apply equitable tolling here.  See Triomphe Partners, Inc. v. Realogy Corp., 2011 WL 3586161, at *3 (S.D.N.Y. Aug. 15, 2011) ("Equitable tolling does not apply in this case. First, 'there is no common law exception to the three month limitations period on the motion to vacate.'  Second, even if equitable tolling applied to the FAA's statute of limitations, the facts of this case would not warrant it. 'As a general matter, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."'  Equitable tolling applies only in 'rare and exceptional circumstances.'  The burden is on the petitioner to demonstrate that equitable tolling is appropriate.") (quoting Florasynth, 750 F.2d at 175; Waveform Telemedia, Inc. v. Panorama Weather N. Am., Nos. 06 Civ. 5270(CMM)(DF), 06 Civ. 5271(CMM)(DF), 2007 WL 678731, at *5 (S.D.N.Y. Mar. 2, 2007); Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010); Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011); Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 2000)).  Here, Lobaito has not addressed the timeliness issue, much less established """some extraordinary circumstance [that] stood in his way and prevented timely filing.""" Id.

Form") – which was served by mail on Chase with the Summons and Complaint – states that service is being made pursuant to Fed. R. Civ. P. 4(e)(1) and CPLR § 312-a. (Dkt. No. 21)  Rule 4(e)(1) provides that "[u]nless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ."  Fed. R. Civ. P. 4(e)(1).

> CPLR § 312-a provides that a summons and complaint

> > may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with return envelope, postage prepaid, addressed to the sender.

CPLR § 312-a(a).  Section 312-a further provides that

> > [t]he defendant, an authorized employee of the defendant, defendant's attorney or an employee of the attorney must complete the acknowledgment of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgment of receipt is mailed or delivered to the sender.  The signed acknowledgment of receipt shall constitute proof of service.

Id. at 312-a(b).  The defendant then must "serve an answer within twenty (20) days after the date the signed acknowledgment of receipt is mailed or delivered to the sender."  Id.

Here, under Section 312-a(b), Chase had 30 days from receipt of the Acknowledgment Form to complete and return the form to the U.S. Marshals Service, and then another 20 days to answer or otherwise respond to the Complaint.  Id. at 312-a(b).  The Acknowledgment Form is dated December 2, 2011.  (Dkt. No. 21)  Chase returned the form on December 30, 2011, and filed its motion to dismiss twenty days later, on January 19, 2012.  (Dkt. No. 21; Dkt. No. 11)  Accordingly, Chase's motion to dismiss is timely under CPLR § 312-a.

Were the Court to interpret the Acknowledgment Form as a notice and request to waive service under Fed. R. Civ. P. 4(d), Chase would not be required to "serve an answer to the complaint until 60 days after the [Acknowledgment Form] was sent. . . ." Fed. R. Civ. P. 4(d)(3).[11]  Under Rule 4(d)(3), Chase's time to answer or otherwise move with respect to the complaint, expired on January 31, 2012.  Given that Chase filed its motion to dismiss on January 19, 2012, its motion is likewise timely under Rule 4(d)(3).

## IV.  DISMISSAL WILL BE WITHOUT LEAVE TO AMEND

The Second Circuit has instructed district courts that they "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  A district court may dismiss without leave to amend, however, "when amendment would be futile." Tocker v. Philip Morris Cos., Inc., 470 F.3d 481, 491 (2d Cir. 2006).

Here, amendment would be futile, because the defects in the Complaint are not a result of "inadequate[ ] or inartful[ ]" pleading, Cuoco, 222 F.3d at 112, and are not subject to cure.  To the extent that Lobaito seeks to re-litigate claims addressed in the arbitration, his claims are barred by res judicata.  To the extent the Complaint is construed as a motion to vacate, it is time-barred.  Defects of this sort cannot be addressed through re-pleading. See, e.g., Gianatasio

---

[11]  In Manson, the court noted that "the U.S. Marshals Service's use of the service by mail procedure provided by C.P.L.R. § 312-a rather than the comparable waiver provision of Fed. R. Civ. P. 4(d) is troubling.  Notwithstanding Rule 4(e)[,] which permits service under state law, effecting service in states allowing service by mail may result in a defendant being afforded less time to answer simply by use of a different form to carry out essentially the same procedure." 2010 WL 376644, at *2.  While the language issues raised in Manson appear to have been addressed, the Marshals Service's use of a state law waiver of service provision, when a federal counterpart exists, risks unnecessary confusion, given the different time limits set forth in Section 312-a and Rule 4(d)(3).

v. D'Agostino, No. 11 Civ. 3095(RWS), 2012 WL 1863010, at *7 (S.D.N.Y. May 22, 2012) ("In

granting Defendants' motion to dismiss on grounds of res judicata . . . the deficiencies in

Plaintiff's Complaint are not ones that can be corrected via amendment.  As such, dismissal with

prejudice is warranted."); Bernstein v. New York, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008)

(denying leave to replead where it would be futile because "[p]laintiffs cannot overcome the . . .

pertinent statutes of limitations").  Accordingly, dismissal here will be without leave to re-plead.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted, and the

Complaint is dismissed with prejudice.

The Clerk of Court is directed to terminate the motion (Dkt. No. 11), and to close

this case.  The Clerk of Court is directed to mail a copy of this order via certified mail to pro se

plaintiff Joseph Lobaito, 254 73rd Street, Apartment A-2, Brooklyn, NY 11209.

Dated: New York, New York
       July 30, 2012

SO ORDERED.

Paul G. Gardephe
United States District Judge